# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5398-17T4

W.S.,

     Petitioner-Appellant,

v.

NEW JERSEY DEPARMENT
OF HUMAN SERVICES,

     Respondent-Respondent.

_____

     Submitted May 13, 2019 – Decided July 18, 2019

     Before Judges Sumners and Mitterhoff.

     On appeal from the New Jersey Department of Human Services, Division of Mental Health and Addiction Services.

     W.S., appellant pro se.

     Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Shereen Rizk Youssef, Deputy Attorney General, on the brief).

PER CURIAM

W.S. appeals from Greystone Park Psychiatric Hospital's (GPPH) final administrative decision to administer psychotropic medication to her without her consent. We affirm.

On June 20, 2018, W.S. was involuntarily committed to GPPH after she repeatedly reported to police that she planned to cut her wrists and bleed out in the bathtub. Shortly after her admission, she kicked another patient due to paranoia, hostility, irritability and agitation. W.S.'s psychiatrist prescribed a treatment regimen that included the administration of psychotropic medications to address her destructive behaviors.

However, W.S. refused to take the medication, denying mental illness and her need for medication. In accordance with written protocols developed by the State Department of Health, Division of Mental Health and Addiction Services (DMHAS), W.S.'s psychiatrist prepared an Involuntary Medication Administration Report (IMAR), documenting W.S.'s condition and the medications involved in the treatment plan. GPPH's Medical Director reviewed the IMAR, and scheduled a panel review hearing. The hearing panel was composed of three non-treating clinicians. W.S. received notice of the hearing, and a Client Services Advocate was appointed to assist her.

At the hearing, W.S.'s treating psychiatrist opined that involuntary medication was needed because she suffered from schizoaffective disorder, bipolar type. He explained that without medication her "paranoia, hostility irritability and agitation" would make her suicidal and cause her to be aggressive and assaultive. W.S. tersely claimed, "I don't need medication. I need my freedom." At the conclusion of the hearing, the panel determined that W.S. required medication. After being provided with the required notice, she appealed the determination. The GPPH Clinical Director conducted a review and upheld the decision. This appeal followed.

On appeal, W.S. confusingly asserts, "I unduly know that I am well because I am well in state of matters that appeal is from to me, that I know I will not proceduraly [sic] know I am not." Simply put, W.S.'s brief is woefully non-complaint with our court rules because it fails to make any coherent arguments to establish that the final administrative decision to administer psychotropic medication to her, without her consent, is not supported by the record and case law. See R. 2:9-9. In addition, she fails to include a "table of citation of cases, alphabetically arranged, of statutes and rules and of other authorities." R. 2:6-1(a)(3). Nevertheless, we address the merits of the appeal and affirm.

A-5398-17T4

Our scope of review of an administrative agency's final determination is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "[A] 'strong presumption of reasonableness attaches'" to the agency's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)). The burden is upon the appellant to demonstrate grounds for reversal. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). To that end, we will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008).

Applying this standard, we conclude that GPPH's decision to involuntarily medicate W.S. was not arbitrary, capricious, or unreasonable. GPPH followed the DMHAS involuntary medication policy and procedures. Its decision was based on the judgment of independent clinicians following a hearing and after an administrative appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5398-17T4